Matter of Goffe v Sylvester-Harrigan (2024 NY Slip Op 06339)

Matter of Goffe v Sylvester-Harrigan

2024 NY Slip Op 06339

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2022-09352
 (Docket No. U-7134-16)

[*1]In the Matter of Jason Goffe, respondent-appellant,
v
Leonna Sylvester-Harrigan, appellant-respondent.

Orrick, Herrington & Sutcliffe LLP, New York, NY (Rene Kathawala of counsel), for appellant-respondent.
Jason Goffe, Hempstead, NY, respondent-appellant pro se.

DECISION & ORDER
In proceedings pursuant to Family Court Act article 4, the mother appeals, and the father cross-appeals, from an order of the Family Court, Nassau County (Eileen J. Goggin, J.), dated October 27, 2022. The order, insofar as appealed from, denied the mother's objections to so much of an order of disposition of the same court (Adam E. Small, S.M.) dated July 20, 2022, as, after a hearing, and upon findings of fact dated July 18, 2022, granted the mother's petition to find the father in willful violation of a prior order of support of the same court (Nadine J. Satterthwaite, S.M.) dated August 23, 2017, only to the extent of finding that the father willfully violated the prior order of support and directing entry of money judgments and denied the mother's objections to a separate order of the same court (Adam E. Small, S.M.), also dated July 20, 2022, which, after the hearing and upon the findings of fact dated July 18, 2022, granted the father's petition for a downward modification of his child support obligation. The order, insofar as cross-appealed from, denied the father's objections to so much of the order dated July 20, 2022, as granted his petition for a downward modification of his child support obligation only to the extent of reducing his child support obligation to the sum of $96 monthly and denied the father's objections to the order of disposition dated July 20, 2022, granting the mother's petition to find him in willful violation of the prior order of child support.
ORDERED that the order dated October 27, 2022, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The mother and the father are the parents of one child. By order of support dated August 23, 2017, the father was directed to pay basic child support in the sum of $100 per week. In November 2021, the father filed a petition for a downward modification of his child support obligation, and in March 2022, the mother filed a petition alleging that the father willfully violated the order of support. After a hearing, in an order of disposition dated July 20, 2022, upon findings of fact dated July 18, 2022, a support magistrate, inter alia, granted the mother's petition to the extent of finding that the father willfully violated the prior order of support and directing entry of money judgments, and, in an order also dated July 20, 2022, after the hearing and upon the findings of fact dated July 18, 2022, the support magistrate, among other things, granted the father's petition to the extent of reducing his child support obligation to the sum of $96 monthly. In an order dated October 27, 2022, the Family Court, inter alia, denied the mother's objections to so much of the order of [*2]disposition dated July 20, 2022, as granted the mother's petition to find the father in willful violation of a prior order of support only to the extent of finding that the father willfully violated the prior order of support and directing entry of money judgments, and denied the mother's objections to the separate order of the same court dated July 20, 2022, granting the father's petition for a downward modification of his child support obligation. The court also denied the father's objections to so much of the order dated July 20, 2022, as granted his petition for a downward modification of his child support obligation only to the extent of reducing his child support obligation to the sum of $96 monthly and denied the father's objections to the order of disposition dated July 20, 2022, granting the mother's petition to find him in willful violation of the prior order of child support, determining that the father's objections to those orders were untimely. The mother appeals and the father cross-appeals from the order dated October 27, 2022.
The father waived his right to appellate review of the merits of his objections by failing to timely file those objections (see Matter of Cooper v Lathillerie, 122 AD3d 626; Matter of Chukwuogo v Chukwuogo, 46 AD3d 558).
The Family Court properly denied the mother's objections to the order granting the father's petition for a downward modification of his child support obligation. Contrary to the mother's contention, the record supports the support magistrate's determination that a substantial change in circumstances had occurred, warranting a downward modification of the father's child support obligation (see Matter of Camacho v Leggio, 227 AD3d 1064).
The mother's remaining contention is without merit.
LASALLE, P.J., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court